**Anna Faye HAMILTON, Appellant,**

v.

**William AMAIMO, Appellee.**

**No. 01–88–00948–CV.**

Court of Appeals of Texas,
Houston (1st District).

July 20, 1989.

John C. Osborne, Houston, for appellant.

Mike Morris, Tekell, Book, Matthews & Limer, Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

OPINION

O'CONNOR, Judge.

Anna Hamilton sued William Amaimo to recover excessive fees paid for legal services during her divorce. Defendant moved for summary judgment, which the trial court granted. The trial court ordered that Mrs. Hamilton take nothing in her suit against defendant. On appeal, Mrs. Hamilton contends the trial court erred in granting summary judgment.

In Mrs. Hamilton's petition, she alleged defendant told her that "her husband would be required to pay defendant's attorney's fees and that plaintiff would be treated fairly." Mrs. Hamilton gave defendant $10,000 to hold in trust when he told her he needed money to proceed with discovery. Around August 30, 1984, defendant urged Mrs. Hamilton to sign the proposed agreement incident to divorce. The agreement required each spouse to pay his or her own attorney's fees. The agreement also provided that her husband pay $38,000 to defendant to hold in trust for her until the trial court signed the divorce decree. Defendant received the money but did not

give any of it to Mrs. Hamilton. On May 2, 1985, Mrs. Hamilton gave defendant $1,200 in response to his threat to sue her for $12,000 in attorney's fees.

In his motion for summary judgment, defendant argued the cause of action asserting constructive fraud was a legal malpractice action within the two-year statute of limitations. Defendant contended the statute of limitations barred this suit because Mrs. Hamilton filed it after the two-year period.

Mrs. Hamilton filed an amended petition with her response to the motion for summary judgment. Her amended petition contended defendant's actions constituted constructive fraud because of his fiduciary duty, placing on him the burden to prove the fairness of his actions. Mrs. Hamilton also alleged an oral contract with defendant with an express or implied provision that defendant would charge a reasonable fee. In her response and on appeal, Mrs. Hamilton urges that the four-year limitations period applies.

Defendant's motion for summary judgment does not address Mrs. Hamilton's allegation of a breach of an oral contract, nor did defendant amend his motion to address the new cause of action. Because the summary judgment did not dispose of the new cause of action, it is interlocutory in nature and is not properly before this Court. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex. 1984). Accordingly, we dismiss the appeal.