**David J. CLARK, Appellant,**

v.

**J. Albert PRUETT, Appellee.**

**No. 01–90–01046–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1991.

Karen A. Lerner, Houston, for appellant.

Larry J. Doherty, Houston, for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment granted in a legal malpractice case. We reverse the judgment and remand the cause for a trial on the merits.

In early 1983, the appellant, David Clark, filed a workers compensation claim based on an injury sustained in the course of his employment. Approximately six months later, Clark was fired. Clark then contacted J. Albert Pruett, a lawyer, to represent him in a claim for wrongful termination. Pruett accepted the case and filed a lawsuit in 1983.

On January 1, 1985, Pruett was sworn in as a district judge for Harris County. A year and a half later, on October 14, 1986, while the file was still in Pruett's possession, the wrongful termination case was dismissed for want of prosecution. Two months after it was dismissed, on December 4, 1986, Pruett finally relinquished the file to another attorney. When that attorney discovered it had been dismissed, he tried to have it reinstated by bill of review, but was unsuccessful.

On October 31, 1988, Clark filed a lawsuit against Pruett alleging violations of the Deceptive Trade Practices Act[1], common law fraud, legal malpractice, and that Pruett was estopped from asserting the statute of limitations. After filing his answer, Pruett filed a motion for summary judgment, supported by his own affidavit, alleging the statute of limitations barred the suit. Clark filed a response alleging a number of defenses to the statute of limitations, and supported it with his own affidavit and the affidavits of Freeman Bullock, Oscar Nipper, and Robert Kouts. The court granted Pruett's motion for summary judgment.

We begin our review with the affidavit evidence. In his affidavit, Clark said he tried to contact Pruett after he assumed the bench, to ask him to expedite the prosecution of the case. Clark said Pruett did not tell him nor did he know that Pruett, once elected as a judge, was prohibited from representing him as a lawyer. Clark contends for several months he tried to reach Pruett about his case, and finally began contacting other lawyers to represent him.

One of the lawyers Clark contacted was Freeman Bullock. In his affidavit, Bullock said he agreed to evaluate Clark's claim. When Bullock asked Pruett for the case file, Pruett told him he would not release the file unless Bullock agreed to pay 50 percent of the fees collected in the case as a referral fee. Bullock would not agree to the referral fee without seeing the file.

Clark finally contacted the law office of Oscar Nipper. The attorney at the office who handled the file was Robert Kouts. In his affidavit, Kouts said he was unsuccessful in getting the file from Pruett because Pruett insisted on 50 percent of the fee. In his affidavit, Oscar Nipper stated under oath that he ran into Pruett at the courthouse in October 1986, and Pruett finally agreed to release the file for a one-third contingent interest referral fee. On November 26, 1986, Nipper's office learned that Clark's case had been dismissed for want of prosecution on October 14, 1986. Pruett transferred the file to the Nipper firm on December 4, 1986. Kouts attempted to have the case reinstated, but was unsuccessful.

In his affidavit, Pruett stated that, as of January 1, 1985, Clark knew he was statutorily prohibited from practicing law. In his affidavit, Pruett contends that, because Clark did not bring the legal malpractice action within the two-year-statute-of-limitations period, the attorney-client relationship had terminated.

**Standard of review**

Summary judgment is proper for a defendant if it conclusively establishes all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The movant must show there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas*

1. Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1987).

*Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982).

◼ In reviewing the granting of a motion for summary judgement, this Court will consider all the evidence that favors the non-movant as true. *MMP, Ltd.,* 710 S.W.2d at 60; *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). We will indulge every reasonable inference in favor of the non-movant, and we will resolve all reasonable doubts in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex. 1988); *Goldberg,* 775 S.W.2d at 752. If we determine that summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

## 1. Pruett's summary judgment proof

In a single point of error, Clark complains of the summary judgment for four reasons. First, Clark challenges the summary judgment because Pruett's summary judgment proof was defective. In his affidavit, Pruett stated conclusions without reciting the underlying facts. Clark complains of the following portion of Pruett's affidavit:

> As of January 1, 1985, David J. Clark knew that I was no longer actively engaged in the practice of law. As of January 1, 1985, I was statutorily prohibited from practicing law. David J. Clark knew that I was statutorily prohibited from practicing law and representing him as an individual.

In direct contradiction to Pruett's statement, in his affidavit, Clark swore that he did not know that Pruett could not practice law once he became a judge.

◼ If an affidavit of an interested witness is not clear, positive, direct, credible, free from contradiction, or cannot be easily controverted, it will not support a summary judgment. *Casso v. Brand,* 776 S.W.2d 551, 557 (Tex.1989); *Inwood Forest Community Improvement Assoc. v. R.J.S. Development,* 630 S.W.2d 751, 754 (Tex.

App.—Houston [1st Dist.] 1982, no writ). Self-serving statements of interested parties testifying about what they knew or intended are not readily controvertible and will not support a motion for summary judgment. *Allied Chemical Corp. v. Dehaven,* 752 S.W.2d 155, 158 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Clark correctly argues Pruett's affidavit did not show how he acquired personal knowledge of the facts in the affidavit. *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 761–62 (Tex.1988). Once Clark swore in direct conflict to Pruett on this issue, it created a fact issue whether Clark knew: Clark said he did not know, and Pruett said he did. Thus, Pruett's affidavit could not establish as a matter of law that Clark knew he could not practice law when he became a judge.

## 2. The discovery rule

Second, Clark challenges the summary judgment because Pruett did not prove the date Clark discovered or should have discovered the malpractice. Pruett argues that the cause of action for malpractice accrued when he assumed the bench and could no longer practice law; or when he refused to return telephone calls; or when he refused to return the file. Pruett states that the action accrued sometime before the wrongful termination suit was dismissed on October 14, 1986, and hence the statute had run, sometime before October 14, 1988. Recall that Clark filed the malpractice action on October 31, 1988. Clark contends the malpractice cause of action accrued on November 13, 1986, which was the last day he could have filed a motion to reinstate when the wrongful termination suit was dismissed on October 14, 1986; or even later, when he discovered that the suit had been dismissed, on November 26, 1986. We agree with Clark.

◼ The discovery rule applies to a legal malpractice cause of action. *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex.1988). Under this rule, the statute of limitations does not begin to run until the client discovers or, in the exercise of reasonable diligence, should have discovered the facts establish-

ing a cause of action. *Id.* When Pruett moved for summary judgment on the grounds of limitations, he assumed the burden of showing as a matter of law that the suit was barred by limitations. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). Pruett was required to prove when the cause of action accrued and to negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when Clark discovered or should have discovered the nature of the injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990). Only when a case proceeds to trial on the merits does the burden shift to Clark to plead and prove the requirements of the discovery rule. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 (Tex. 1988).

▮ In the case of *Gordon v. Ward,* 822 S.W.2d 90 (Tex.App.—Houston [1st Dist.], 1991, n.w.h.), this Court held that the cause of action for legal malpractice accrued when the trial court granted a summary judgment on the underlying suit. Here, the analogous date is October 14, 1986, the date the suit was dismissed. Thus, Clark's cause of action against Pruett for malpractice did not begin to accrue until November 26, 1986, the date Clark discovered the dismissal of the cause of action.

▮ Pruett's summary judgment proof does not establish when Clark first discovered or, in the exercise of reasonable diligence, should have discovered that his case was dismissed for want of prosecution. Pruett, therefore, did not establish his right to summary judgment based on limitations. *Burns,* 786 S.W.2d at 267.

**3. Estoppel**

▮ Third, Clark challenges the summary judgment, arguing that Pruett was estopped from asserting the statute of limitations because it was his refusal to release the file that prevented Clark from finding out about the dismissal. Clark's pleadings raised a counter-affirmative defense (estoppel) to Pruett's affirmative defense (statute of limitations.) Pruett did not address the issue of estoppel in either his affidavit or his brief.

When a defendant moves for summary judgment on its affirmative defense, a plaintiff may defeat the motion by raising a fact issue on an affirmative defense that counters defendant's affirmative defense. *See McFadden v. American United Life Ins. Co.,* 658 S.W.2d 147, 148 (Tex.1983) (in a suit to collect on an health insurance policy, plaintiff defeated the insurance company's affirmative defense, that the policy did not cover dental surgery, by his proof that the surgery was on the jaw, not the teeth).

Having found that Pruett failed to prove, as a matter of law, his affirmative defense of the statute of limitations, we do not need to reach the issue of estoppel. We note, however, that Clark provided ample evidence to raise estoppel.

**4. Fraud**

Last, Clark pled a cause of action for common law fraud. In a similar case involving the statute of limitations in a legal malpractice case, on appeal the client argued that the lawyer's fraudulent concealment operated to toll the statute of limitation until the negligent conduct or misrepresentation had been discovered. *Willis,* 760 S.W.2d at 646. In *Willis,* the court acknowledged that fraud would toll the statute of limitations in such a case, but said that the client had not made any such claim in the trial court. Here, Clark had pleadings to support fraud.

▮ Pruett's motion for summary judgment and summary judgment evidence did not address the issue of fraud. When a defendant moves for summary judgment, the defendant is required to prove he is entitled to summary judgment on all the plaintiff's causes of action. *See Hamilton v. Amaimo,* 775 S.W.2d 33, 34 (Tex.App.— Houston [1st Dist.] 1989, no writ) (a summary judgment for a lawyer, sued for malpractice, was reversed because the motion for summary judgment did not address all of plaintiff's causes of action). Because

the summary judgment did not reach the issue of fraud, we must reverse.

We sustain Clark's point of error.