**Vatis Clinton ROBINSON, Robert Johnson, Jr. and Clarence Woodrow Smith, Jr., Appellants,**

v.

**TRANSPORTATION INSURANCE COMPANY, Appellee.**

No. 01–93–00179–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 4, 1994.

Julia J. Knight, Houston, for appellants.

James M. Corbett, H. Kent Twining, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

WILSON, Justice.

Appellants, Vatis Robinson, Robert Johnson, and Clarence Smith, appeal from a summary judgment in favor of appellee, the Transportation Insurance Company. The fundamental issue presented concerns whether the medical expenses incurred by appellants are covered by the "med pay" provisions of the insurance policy sold by appellee to the Bodner Metal and Iron Corporation (Bodner). Accepting the factual allegations of appellants as true for purposes of our review, we find the incident giving rise to the injuries suffered by appellants is excluded from coverage by the unambiguous language of the policy, and affirm.

Appellants present four points of error for our review. All four state the trial court erred in granting appellee's motion for summary judgment and in denying appellants' motion for summary judgment. The first two points of error claim coverage exists under the insurance policy that is not negated by policy exclusions. The third and fourth points of error state the trial court erred because the exclusions of the policy are ambiguous and should be construed in favor of appellants.

Our review of the judgment is limited to the issues presented to the trial court in the motion for summary judgment. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex.1979); *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). A summary judgment is not entitled to the same deference given a judgment following a trial on the merits. The movant has the burden of showing there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference in favor of the nonmovant will be indulged. *Id.* at 548–49; *Clark v. Pruett*, 820 S.W.2d 903, 905 (Tex. App.—Houston [1st Dist.] 1991, no writ).

### Fact Summary

The facts of this case are not disputed. Appellants rode in a van owned by appellant Robinson to the premises of Bodner, where they were to deliver glass. Robinson sat in the passenger side of the van while Johnson and Smith unloaded glass from the trailer. The door of a passing Bodner vehicle opened and hit the passenger side of the van, resulting in injuries to appellants. In short, a Bodner vehicle, while in use, contacted a parked non-Bodner operated or owned vehicle on Bodner premises.

The appellants were not employees of Bodner and were not named as insureds under the policy issued by appellee to Bodner. However, the policy did include coverage for the payment of medical expenses for injuries suffered by individuals on, or abutting, Bodner premises, and/or because of Bodner operations. These payments were to be made without regard to the alleged fault of any party. The relevant portions of the policy are as follows:

Coverage C—Medical Payments

1. Insuring agreement

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

    1. On premises you own or rent;

    2. On ways next to premises you own or rent;

    3. Because of your operations.

2. Exclusions

We will not pay expenses for "bodily injury":

. . . .

g. excluded under Coverage A.

Coverage A—Bodily Injury and Property Damage Liability

2. Exclusions

This insurance does not apply to:

. . . .

g. "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

*This exclusion does not apply to:*

. . . .

*3. Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured.*

(Emphasis supplied.)

**Does Coverage Exist?**

Appellants' first and second points of error state coverage exists under this policy because this accident is excepted from the exclusions by the italicized portion of the policy. Appellants' argue that to recover under the policy issued to Bodner, they must show:

1. they incurred medical expenses for bodily injury as a result of an accident;

2. the accident occurred on the premises of Bodner, on ways next to premises Bodner owns or rents, or because of Bodner's operations; and

3. if the accident involved the use of an "auto" owned by Bodner, then it also had to involve a second "auto" which was (a) not owned by Bodner, and (b) parked.

However, appellants' third item is not a proper interpretation of the italicized exception to the exclusion in the policy. The terms of an insurance policy are to be given their "plain, ordinary, and generally accepted meaning." *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 346 (Tex.1976). The plain language of the policy indicates that the policy excepts the act of "parking" a vehicle not belonging to Bodner from the "use" of a vehicle exclusion. In this instance, we do not have the "use" of a vehicle by "parking." We read the exception to allow coverage for an injury that occurs when a Bodner employee parks a car not owned by Bodner on, or adjacent to, Bodner premises.

Additionally, appellee argues that this type of language has generally been utilized to cover a valet parking situation. Although there have been no Texas cases decided on this issue, other jurisdictions have addressed this policy language and have found that this type of policy excludes claims arising out of the operations of the insureds' own automobiles. *See, e.g., Columbia Mutual Cas. Ins. Co. v. Coger*, 35 Ark.App. 85, 811 S.W.2d 345, 346 (Ct.1991); *Scarfi v. Aetna Cas. & Sur. Co.*, 233 N.J.Super. 509, 559 A.2d 459, 461 (N.J.Super.Ct.App.Div.1989).

Because we find that the plain language of the policy indicates appellants are not covered under this policy and because this is the generally accepted interpretation of this policy, we hold that the italicized portion of the policy does *not* apply to this situation. The accident occurred on Bodner's premises, and involved the use of an "auto" owned by Bodner. Therefore, the accident is excluded from policy coverage. We overrule appellants' first and second points of error.

**Conclusion**

Appellants argue in their third and fourth points of error that the policy is, at best, ambiguous. However, we have reviewed the policy, and do not find the language relevant to the issues we address to be ambiguous.

We overrule appellant's third and fourth points of error.

Appellee's motion for summary judgment contained grounds other than those discussed here, including the issue of standing. The judgment did not specify the grounds on which the motion was granted. The judgment may be affirmed if any one of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). A discussion of the remaining grounds is not necessary to our disposition of the case, because the issue addressed here entitles appellee to judgment as a matter of law.

We find that the plain language of the policy excludes coverage for the accident at hand. We overrule appellants' four points of error and affirm the summary judgment.