Opinion issued June 14, 2007

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00394-CV






ADDIE EVANS, Appellant


V.


MIPTT, L.L.C. D/B/A EAST COAST BUFFET, Appellee






On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 827320





MEMORANDUM OPINION
 


 Appellant, Addie Evans, appeals a summary judgment rendered on no-evidence
grounds on her strict-liability and negligence claims against appellee, MIPTT, L.L.C.
d/b/a East Coast Buffet (the restaurant). Evans based her claims on allegations that
she was food-poisoned after eating crab at the restaurant. In two issues on appeal,
Evans argues that her summary judgment evidence barred rendition on no-evidence
grounds. We affirm. 

Facts and Procedural Background 


 After consuming two plates of crab and waiting for the crab serving area of the
buffet to refill another plate, Evans suddenly became very ill and complained of
stomach cramps, dizziness, and nausea. Symptoms progressed to severe diarrhea. 
Evans was transported by ambulance to Methodist Hospital, at her request, where she
was diagnosed with acute gastritis. Evans was later discharged from the hospital. 
Two days later, she consulted her personal physician, who treated her for food
poisoning. She was out of work for "a few days." 

 Evans's live pleadings allege that the crab consumed at the restaurant caused
her food poisoning, for which she sought actual and exemplary damages. She
claimed that the restaurant was (1) negligent, and (2) strictly liable as a preparer or
server of food, for providing defective food that was unsafe for its intended purpose,
consumption. Shortly before the case was set for trial for a second time, the
restaurant moved for summary judgment pursuant to rule 166a(i), on the grounds
Evans had no evidence to support her claims. After granting Evans additional time
for discovery, the trial court signed an order that granted the restaurant's motion for
summary judgment and rendered judgment that Evans take nothing on her claims.


Standard of Review


 A trial court must grant a no-evidence motion for summary judgment if: (1)
the moving party's motion asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden of
proof at trial; and (2) the adverse party produces no summary judgment evidence that
raises a genuine issue of material fact on those elements. See Tex. R. Civ. P. 166a(i); 
Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); see also Western Invs., Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005) ("Unless the respondent produces summary
judgment evidence raising a genuine issue of material fact, the court must grant the
motion.") (quoting Tex. R. Civ. P. 166a(i)); King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750 (Tex. 2003) ("A no-evidence summary judgment is essentially a
pretrial directed verdict, and we apply the same legal sufficiency standard [to
both]."); Flameout Design & Fabrication, Inc. v. Pennzoil Corp., 994 S.W.2d 830,
834 (Tex. App.--Houston [1st Dist.] 1999, no pet.) ("Thus, a no-evidence summary
judgment is similar to a directed verdict."). 

 Once the movant specifies the element or elements on which there is no
evidence, the burden shifts to the nonmovant, who would have the burden of proof
on those elements at trial, to produce evidence that raises a fact issue on the
challenged elements. Tex. R. Civ. P. 166a(i); Flameout Design, 994 S.W.2d at 834.

 The nonmovant need not "marshal its proof" in responding to a no-evidence
motion for summary judgment and need only "point out" evidence that raises a fact
issue on the challenged elements. See Roventini v. Ocular Sciences, Inc., 111 S.W.3d
719, 722 (Tex. App.--Houston [1st Dist.] 2003, no pet.) (citing Tex. R. Civ. P.
166a(i) cmt to 1997 change); see also Robinson v. Warner-Lambert, 998 S.W.2d 407,
410 (Tex. App.--Waco 1999, no pet.) ("A no-evidence motion for summary judgment
places the burden on the nonmovant to present enough evidence to be entitled to a
trial."); Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34
Hous. L. Rev. 1303, 1356 (1998) ("[T]he mere filing of the motion shifts the burden
to the respondent to come forward with enough evidence to take the case to a jury."). 
"Enough" evidence means more than a scintilla of evidence. Roventini, 111 S.W.3d
at 722 (citing rule 166a(i)); see King Ranch, 118 S.W.3d at 751. Less than a scintilla
of evidence exists when the evidence is "so weak as to do no more than create a mere
surmise or suspicion" of a fact, which, in legal effect, is no evidence. King Ranch,
118 S.W.3d at 751 (citing Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983)). Evidence constitutes more than a scintilla when it enables "reasonable and
fair-minded people to differ in their conclusions." King Ranch, 118 S.W.3d at 751 
(citing Merrell-Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). In reviewing a no-evidence summary judgment, we apply the well-settled
standards that require us to assume that all evidence favorable to the nonmovant is
true and to indulge every reasonable inference and resolve all doubts in favor of the
nonmovant. Tex. R. Civ. P. 166a(i) and cmt. to 1997 change; Sudan, 199 S.W.3d at
292 (citing City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005)); King Ranch,
118 S.W.3d at 751; Flameout Design, 994 S.W.2d at 834. When, as here, a summary
judgment does not specify the grounds on which it was granted, the appealing party
must demonstrate on appeal that none of the proposed grounds is sufficient to support
the judgment. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995);
Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.--Houston
[1st Dist.] 2002, no pet.).

Discussion


A. The Restaurant's Rule 166a(i) Motion

 Though similar, products liability and negligence actions differ in their focus: 
products liability focuses on the product; negligence focuses on the conduct of the
supplier. Humble Sand & Gravel, Inc. v. Gomez, 146 S.W.3d 170, 181 (Tex. 2004).

 In moving for summary judgment on Evans's product-liability claim, the
restaurant asserted that (1) to prevail at trial, she would be required to show that the
food in question was defective and unsafe for its intended purpose when she received
it and (2) she had no evidence to support the claim. This contention challenged the
"defective product" element of Evans's product-liability claim. See McKisson v.
Sales Affiliates, Inc., 416 S.W.2d 787, 789 (Tex. 1967) (citing Decker v. Capps, 164
S.W.2d 828 (Tex. 1942) as stating law of Restatement (Second) of Torts § 402A
(1965) for "foodstuffs for human consumption" and quoting and adopting rule of
strict liability for "defective products [that] cause physical harm to persons"); Ayala
v. Bartolome, 940 S.W.2d 727, 731 (Tex. App.--Eastland 1997, no writ) (holding
that "raw oysters, being food, are products subject to [s]ection 402A") (citing
McKisson, 416 S.W.2d at 789, and Restatement (Second) of Torts § 402A); see also
Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2) (Vernon 2005) (defining "products
liability action"). 

 In moving for summary judgment on Evans's negligence claim, the restaurant
specified that (1) to prevail at trial, she would be required to show that the restaurant
breached a duty to her and that damages resulted from the breach, and (2) she had no
evidence to support the claim. This contention challenged all elements of Evans's
negligence claim: (1) a legal duty owed by one party to another, (2) a breach of that
duty; and (3) damages proximately caused by that breach. Greater Houston Transp.
Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990); Mathis v. RKL Design/Build, 189
S.W.3d 839, 844 (Tex. App.--Houston [1st Dist.] 2006, no pet.).

 We hold that the restaurant's no-evidence motion sufficiently specified the
challenged elements of her negligence and product-liability claims and, therefore,
that the burden shifted to Evans to defeat the motion by presenting competent
summary judgment evidence on both of her causes of action. Tex. R. Civ. P. 166a(i);
Roventini, 111 S.W.3d at 722; Flameout Design, 994 S.W.2d at 834.

B. Response by Evans

 Evans responded to the restaurant's no-evidence motion by arguing that the
substantive law authorized her to rely on circumstantial evidence to prove both her
product-liability and her negligence claims. Concerning her product-liability claims,
Evans argued that becoming ill within "minutes of her eating the food while she was
still at the [r]estaurant" constituted circumstantial evidence supporting her claims. 
Evans relied on portions of her own deposition, in which she testified that she did
"not know[] of anyone else in that restaurant [who ate the] same crabmeat" and that
"after her second plate she went back to the buffet tray" to get the "remaining crabs
she had left before." Concerning her negligence claim, Evans acknowledged the
required elements, but claimed that she satisfied all elements because the restaurant
had breached its duty to her by providing food that was "unwholesome and unfit for
human consumption and thereby caused her some damage." She produced no
additional summary judgment evidence on the negligence claim and relied on the
same evidence to which she had referred in response to the restaurant's contention
that she had no evidence to support her product-liability claim. 

C. Evans Produced "No Evidence" to Defeat Restaurant's Motion

 This Court has long recognized that a party may rely on circumstantial
evidence to prove a claim that a food product is defective. See Jim Dandy Fast
Foods, Inc. v. Carpenter, 535 S.W.2d 786, 789 (Tex. Civ. App.--Houston 1976, no
writ) (citing Herbert v. Loveless, 474 S.W.2d 732, 738 (Tex. Civ. App.--Beaumont
1971, writ ref'd n.r.e.)). 

 To constitute competent summary judgment evidence, however, the testimony
of an interested witness like Evans must be "clear, positive, direct, otherwise credible
and free of inconsistencies, and could have been readily controverted." Tex. R. Civ.
P. 166a(c); see Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996); see
also Clark v. Pruett, 820 S.W.2d 903, 906 (Tex. App.--Houston [1st Dist.] 1991, no
writ) (rejecting "[s]elf-serving statements of interested parties testifying about what
they knew" as competent summary judgment evidence). To meet the competency
standard, evidence must demonstrate personal knowledge, must positively and
unqualifiedly state that the facts represented as true are true, and must not be
conclusory. See Ryland Group, 924 S.W.2d at 122. In short, circumstantial evidence
must be competent evidence. 

 1. Immediate Onset of Illness; Consumption of Crab by Evans Only

 Evans's claim that she suddenly became intensely ill, even when taken together
with her testimony that she "did not know" anyone else who ate crab and that she
alone had consumed all the crab available at the buffet do not rise to a level that
satisfies these standards. Evans's self-serving testimony that she "did not know," i.e.,
that she lacked knowledge that anyone else ate crab while she was dining, cannot
establish that she knew, i.e., had personal knowledge that no one else consumed crab. 
See Clark, 820 S.W.2d at 906. The same is true of her perceptions concerning the
presence of crab at the buffet table, or lack of it, as well as her perception that she had
consumed any crab that was present--until she became ill--and her claim of
immediate illness. See Ryland Group, 924 S.W.2d at 122 (declining to equate
"understanding" to personal knowledge); Anderson v. Snider, 808 S.W.2d 54, 55
(Tex. 1991); Clark, 820 S.W.2d at 906. Evans has cited no case, and we know of
none, in which a claim of sudden illness, standing alone, is sufficient to create a fact
issue to overcome a no-evidence motion for summary judgment. 

 2. City of Houston Inspection

 Evans also relied on an inspection of the restaurant, which the City of Houston
conducted on the day after she became ill, in response to her request. According to
Evans, the inspection "showed serious and general health violations, each of which
could have been the cause of the unwholesomeness of the food" she consumed
(emphasis added). The violations Evans referred to were a temporary quarantine for
the dishwasher, because of inadequate concentration of bleach in sanitizing, and food
debris found on the can-opener roller. 

 Conclusory contentions by the party with the burden of proof concerning
"possible" cause of illness fall short of evidence that constitutes more than a scintilla
that the food Evans consumed was defective. Well-settled summary judgment
principles proscribe according any probative effect to speculation or conjecture to
defeat a motion for summary judgment. See Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 583 (Tex. 2006) (rejecting expert testimony as speculative); Browning-Ferris,
Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993) (stating, in context of traditional
motion for summary judgment, that circumstantial evidence must comprise more than
speculation or conjecture); Smith v. Landry's Crab Shack, Inc., 183 S.W.3d 512, 514
(Tex. App.--Houston [14th Dist.] 2006, no pet.) (holding same in context of expert
testimony offered to defeat no-evidence summary judgment on claim that negligence
of restaurant caused food poisoning); Proctor v. White, 155 S.W.3d 438, 443-44
(Tex. App.--El Paso 2004, pet. denied) (holding same in context of affidavits
responding to no-evidence motion for summary judgment in will-contest case).

 Moreover, examining the complete report of the City of Houston inspector
reveals that he "observed [that] all the food at the buffet . . . [was] under proper
temperature control," and also found "No wrongdoing on the handling." In an
apparent attempt to weaken the probative effect, if any, of these comments, Evans
argued that lack of confirmation of her complaint "was not conclusive because the
crabmeat in question, if not finished[,] could have been thrown out" before the
inspection. Once again, the prohibition against speculation controls. See Mack
Trucks, 206 S.W.3d at 583; Browning-Ferris, 865 S.W.2d at 928; Smith, 183 S.W.3d
at 514. More importantly, Evans's contention misplaces her summary judgment
burden to respond to the restaurant's motion with competent summary judgment
evidence that was sufficient to raise a triable issue of fact. Tex. R. Civ. P. 166a(i). 
Conjecture fails to meet that burden as a matter of law. See Mack Trucks, 206 S.W.3d
at 583; Smith, 183 S.W.3d at 514; Browning-Ferris, 865 S.W.2d at 928. 

 3. Reliance on Appendix of "Proof" without Referring to It

 Evans's response also referred to an appendix to her motion, consisting of
"affidavit[s], discovery[, her] pleadings and deposition excerpts, [and] medical
affidavits" Evans did not refer more specifically to any of these in her response, but
simply argued that they "set forth" summary judgment proof of "material facts"
concerning her strict liability claim. 

 Much of that to which Evans refers, however, does not qualify as summary
judgment evidence. Pleadings, including a verified response to a motion for summary
judgment, as Evans filed here, do not constitute summary judgment evidence. 
Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995);
Flameout Design, 994 S.W.2d at 838. Likewise, a party may generally not rely on its
own answer to an interrogatory, as Evans does here, as summary judgment evidence. 
Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). General references to a record,
without directing the court or the opposing party to the evidence on which the movant
relies, are also insufficient. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 81
(Tex. 1989); Proctor, 155 S.W.3d at 444.

 The remaining documents on which Evans properly relied in opposing the
restaurant's no-evidence motion and that we may properly consider include excerpts
from her deposition, which confirm the facts that she stated in her petition. In
addition, there are several copies of treatment records from Methodist Hospital. 
These disclose that Evans was diagnosed with acute gastritis and that Evans was
"ambulatory" on discharge. These papers also include correspondence from the
director of emergency services to the restaurant's insurance carrier, written at Evans's
request. This letter asks the carrier to reconsider its decision to deny coverage for
Evans's food-poisoning claim, but does not confirm that diagnosis. Copies of records
from Evans's personal physician include a note to her employer, in which the
physician states that she was treated for food-poisoning, but nothing in the records
refers to the crab consumed at the restaurant as either a defective product or spoiled
food. The same is true of the billing records that Evans also included in the appendix. 
 Reviewing the summary judgment evidence provided by Evans, we conclude
that she did not meet her burden to present an issue of material fact on either the
"defective product" element of her strict liability claim, or the breach of duty and
causation elements of her negligence claim, in response to the restaurant's no-evidence motion. We reach this conclusion because the evidence that Evans provided
is so weak that it creates no more than mere surmise or suspicion and is, therefore, in
legal effect, no evidence. See Kindred, 650 S.W.2d at 63; Proctor, 155 S.W.3d at
444.

 For these reasons, we overrule Evans's first and second issues. 

Conclusion


 We affirm the judgment of the trial court.



 Davie L. Wilson, 

 Retired Justice


Panel consists of Justices Keyes, Higley, and Wilson. (1)
1. The Honorable Davie L. Wilson, retired justice, sitting by assignment.