Reversed and Remanded and Majority and Dissenting
Opinions filed October 11, 2007.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00962-CV

____________

 

WALGREEN COMPANY, Appellant

 

V.

 

CYNTHIA HIEGER AND ROY C. HIEGER, BOTH INDIVIDUALLY
AND AS NEXT FRIEND OF DAVID C. HIEGER, A MINOR, Appellees

 



 

On Appeal from the 281st District
Court

Harris County, Texas

Trial Court Cause No. 2005-79787

 



 

M A J O R I T Y   O P I N I O N








This
appeal pertains to a health care liability suit brought by appellees, Cynthia
Hieger and Roy C. Hieger, individually and as next friend of their minor son
David C. Hieger (collectively Athe Hiegers@), against appellant, Walgreen Co.[1] 
The trial court denied Walgreen=s motion to dismiss based on inadequate expert reports.  In
its sole issue, Walgreen contends the trial court erred in denying its motion
to dismiss because the Hiegers= expert reports did not adequately address causation.  We
agree, and therefore we reverse the trial court=s judgment and remand for further
proceedings.

Background

Cynthia
Hieger=s physician prescribed Paxil CR, an
antidepressant, and she filled the prescription at a Walgreens pharmacy.  In
October 2003, she obtained a refill and immediately began taking medicine from
the refill container.  However, the tablets in the container were not Paxil CR
but were Ambien, a sleep medication.  A Walgreens pharmacy employee had placed
the label for the Paxil CR prescription over a label for Ambien. 

The
Hiegers filed their health care liability claim on December 21, 2005, alleging
Walgreen incorrectly refilled Ms. Hieger=s prescription for Paxil CR with
Ambien.  Hieger alleged that the abrupt discontinuation of Paxil CR, combined
with the effects of taking Ambien during the day, caused her to suffer Asevere and excruciating pain,
migraines, nausea, irritability, super-sensitivity to light and sound, anxiety,
fear, nightmares, inability to perform household functions, inability to
stand-up, irrational behavior and to suffer very severe depression.@

On April
20, 2006, the 120th day after filing suit, the Hiegers filed an expert report
by Diane B. Ginsburg, a registered pharmacist and clinical professor and
assistant dean for student affairs at the College of Pharmacy at the University
of Texas at Austin.  Walgreen objected to Ginsburg=s expert report and moved to dismiss
pursuant to Texas Civil Practice and Remedies Code section 74.351 arguing (1)
Ginsburg=s report was inadequate because it
did not address causation and (2) Ginsburg, as a pharmacist, was not qualified
to render a causation opinion.








The Hiegers
responded and requested a thirty-day extension to file an additional expert
report pursuant to Texas Civil Practice and Remedies Code section 74.351(c). 
The trial court granted the extension, and the Hiegers filed an expert report
by Dr. Reed Young, a doctor licensed in Texas who is board certified in adult
neurology and sleep medication.  Walgreen filed another motion to dismiss,
arguing that Dr. Young=s expert report did not adequately address causation, which the
trial court denied.  Walgreen now appeals the trial court=s denial of this second motion to
dismiss.

Analysis

In its
sole issue, Walgreen contends the trial court erred by denying its second
motion to dismiss because the Hiegers did not present adequate expert opinion
regarding causation.  We review a trial court=s ruling as to the adequacy of an
expert report under an abuse of discretion standard.  Am. Transitional Care
Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  A trial
court abuses its discretion if it acts in an arbitrary or unreasonable manner
or without reference to guiding rules or principles.  See Garcia v. Martinez,
988 S.W.2d 219, 222 (Tex. 1999).  Though we may not substitute our judgment for
that of the trial court in reviewing factual matters or matters committed
solely to the trial court=s discretion, the trial court has no discretion in
determining what the law is or in applying  the law to the facts.  See
Walker v. Packer, 827 S.W.2d 833, 839B40 (Tex. 1992).  Thus, the trial
court=s failure to apply or analyze the law
correctly is an abuse of discretion.  Id. at 840.

Pursuant
to section 74.351 of the Civil Practice and Remedies Code, health care
liability claimants must provide an expert report to the defendant no later
than 120 days after filing the original petition.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a) (Vernon Supp. 2006).  A
defendant may then file a motion challenging the adequacy of the report, and
the trial court Ashall grant@ the motion if it appears that the report does not represent
a good faith effort to comply with the statutory definition of an expert
report.  See id. '' 74.351(a), (l) (Vernon Supp. 2006).  In determining
whether the report represents a good faith effort, the trial court=s inquiry is limited to the four
corners of the report.  See Palacios, 46 S.W.3d at 878. 








The
statute defines an expert report as a written report by an expert that provides
a fair summary of the expert=s opinions as of the date of the report regarding the
applicable standard of care, the manner in which that standard was breached,
and the causal relationship between that breach and the injury, harm, or
damages claimed.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 74.351(r)(6) (Vernon Supp. 2006); Palacios,
46 S.W.3d at 878B79.  Although a plaintiff need not marshal all of her proof
and need not fulfill the same requirements as the evidence offered in a summary
judgment proceeding, the expert=s report must include opinions on the three statutory
elementsCstandard of care, breach, and
causation.  See Palacios, 46 S.W.3d at 878B79.

Walgreen
contends Dr. Young=s report does not provide a fair summary of the alleged
causal relationship between the incorrectly refilled prescription and Ms.
Hieger=s alleged injuries.[2] 
Relative to causation, Dr. Young=s report states as follows:

Paxil is
an antidepressant with anxiolytic properties.  It is prescribed for rheumatic
pain syndromes and clearly has a central action against pain.  In my own
experience, when Paxil is stopped abruptly, the patient can go through a very
uncomfortable period of worse depression, worse pain, and marked anxiety and
hyper reactivity.

Ambien,
like Halcion, can cause peculiar side effects if someone takes it and tries to
stay awake for awhile; specifically they can act somewhat psychotic. 








I was told by the patient that in October, 2003, a
prescription for Paxil was miss-filled [sic] with Ambien and miss-labeled
[sic]. As applied to these events, when [C]ynthia Hieger suddenly ceased
taking her Paxil and began taking Ambien for daytime use, her complaints of
psychosis, hypersensitivity, jitteriness, and increased pain are consistent with
the known side effects of each medication.








(emphasis added). 
Walgreen argues that the language Aconsistent with@ does not demonstrate a causal
connection because language indicating that Ms. Hieger=s symptoms are Aconsistent with@ the known side effects of the
medications is not the same as saying the symptoms were in fact caused by the
medication.   We agree.  Though an expert is not required to use Amagical words@ in expressing her
opinion and expert reports are not held to the same standard as summary
judgment evidence, a plaintiff still must present an expert opinion on each
element required by the statute, including causation.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(r)(6); Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 53 (Tex. 2002); Palacios, 46 S.W.3d at 878B79.  A description
of only a possibility of causation does not constitute a good-faith effort to
comply with the statute.  See Bowie, 79 S.W.3d at 53 (holding that
expert report opining about Athe possibility of a better outcome@ was insufficient
to meet expert report statute); Estate of Allen v. Polly Ryon Hosp. Auth.,
No. 01-04-00151-CV, 2005 WL 497291, at *3, 5 (Tex. App.CHouston [1st
Dist.] Mar. 3, 2005, no pet.) (mem. op.) (finding that expert report discussing
what was Amore likely@ or Acould have
contributed@ constituted mere possibilities and thus were not
statements of causation); Hutchinson v. Montemayor, 144 S.W.3d 614, 617B18 (Tex. App.CSan Antonio 2004,
no pet.) (concluding that expert report discussing that injury Amay have been
avoided@ was insufficient
to meet statute); see also Smith v. Landry=s Crab Shack, Inc., 183 S.W.3d 512,
514B15 (Tex. App.CHouston [14th
Dist.] 2006, no pet.) (affirming summary judgment for defendant because
plaintiff=s expert=s opinion that her
illness was Aconsistent with@ food poisoning
constituted no evidence of causation).  Dr. Young=s report states
only that Ms. Hieger=s symptoms are Aconsistent with@ the known side
effects of the medication and thus expresses an opinion on a possibility, not
an ultimate opinion on causation.  See Smith, 183 S.W.3d at 515 (stating
that expert opinion that plaintiff=s illness was Aconsistent with@ food poisoning Adid not express
any ultimate opinion (in reasonable medical probability or otherwise) that
[plaintiff=s food poisoning] was caused by the food she ate at
the restaurant@).  Thus, we hold that the trial court abused its
discretion in failing to dismiss the case.

Accordingly,
we sustain Walgreen=s sole issue and reverse the trial court=s judgment.  We remand with
instructions for the trial court to dismiss this case with prejudice and for
other proceedings consistent with this opinion.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b) (Vernon Supp. 2006).

 

 

/s/        Leslie B. Yates

Justice

 

 

Judgment rendered and Majority and
Dissenting Opinions filed October 11, 2007.

Panel consists of Justices Yates,
Frost, and Seymore (Seymore, J., dissenting).









[1]  Appellant notes that its name is incorrectly listed
as AWalgreen Company@ in
the case caption.





[2]  The dissent is correct that under section 74.351(i),
expert reports may be considered together in determining whether the plaintiff
has provided adequate expert opinion regarding the standard of care, breach,
and causation.  See Tex. Civ.
Prac. & Rem. Code Ann. '
74.351(i) (Vernon Supp. 2006).  However, because Diane Ginsburg is not a
physician, she is not qualified to give an expert opinion regarding causation. 
See id. ' 74.403(a) (Vernon 2005) (stating that only a
physician is qualified to render causation opinions in health care liability
claims); Randalls Food & Drugs, L.P. v. Kocurek, No. 14-05-01184-CV,
2006 WL 2771872, at *3 (Tex. App.CHouston
[14th Dist.] Sept. 28, 2006, no pet.) (mem. op.) (holding expert with master=s degree in microbiology and Ph.D. in toxicology not
qualified to provide expert opinion on causation in pharmaceutical misfill case
because she was not a physician).  Thus, although we agree that Ginsburg=s report can be considered regarding the other
statutory elements, we consider only Dr. Young=s report in determining whether the Hiegers have met their statutory
obligation as to the element of causation.