NO. 12-03-00175-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LYNN H. WATERHOUSE,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


BOBBIE J. WATERHOUSE SHAFER,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Lynn H. Waterhouse ("Waterhouse") appeals the trial court's judgment awarding Bobbie J.
Waterhouse Shafer ("Shafer") attorney's fees. Waterhouse raises one issue on appeal. We affirm.


Background

 Waterhouse and Shafer terminated their marriage by final divorce decree signed on April 11,
1980. On January 10, 2002, Waterhouse moved to clarify the 1980 divorce decree with regard to
the division of his military retirement proceeds. Shafer responded with a counterclaim to enforce
the 1980 divorce decree and for attorney's fees.

 A bench trial was conducted on January 24, 2003. The district court ruled in Shafer's favor
and awarded her three thousand dollars in attorneys fees at the trial level and an additional four
thousand five-hundred dollars in the event of an appeal. A final judgment was signed on February
28, 2003. Waterhouse did not request findings of fact and conclusions of law. Waterhouse filed a
motion for new trial on March 26, 2003, which was overruled by operation of law. This appeal
followed.


Legal Sufficiency

 In his sole issue, Waterhouse argues that there was no evidence offered to support the trial
court's award of attorney's fees. Shafer initially argues that Waterhouse insufficiently briefed the
issue. We will construe Waterhouse's brief liberally to raise a "no evidence" issue with respect to
the trial court's award of attorney's fees. 

 Shafer further argues that Waterhouse failed to preserve error on the issue of evidentiary
sufficiency. However, in bench trials, a motion for new trial is not required to preserve complaints
about sufficiency of the evidence unless the complaint is one that requires that new evidence be
heard. See Regan v. Lee, 879 S.W.2d 133, 135 (Tex. App.-Houston [14th Dist.] 1994, no writ)
(noting that predicate motions are not needed in bench trials to preserve issues about sufficiency of
the evidence). Therefore, we conclude that Waterhouse was not required to preserve his "no
evidence" issue to raise it on appeal.

 In reviewing a "no evidence" point, we must consider only the evidence and inferences that
tend to support the jury's verdict, disregarding all contrary evidence and inferences. See Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). We may only sustain a "no evidence"
point when the record discloses one of the following: (1) there is a complete absence of evidence of
a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only
evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than
a mere scintilla of evidence, or (4) the evidence establishes conclusively the opposite of a vital fact. 
See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). It is not
within our power to second guess the fact-finder unless only one inference can be drawn from the
evidence. See State v. $11,014.00, 820 S.W.2d 783, 785 (Tex. 1991). If there is more than a
scintilla of evidence to support the finding, the evidence is legally sufficient. See Browning-Ferris,
Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993).

 In a proceeding to divide property previously undivided in a decree of divorce or annulment,
the court may award reasonable attorney's fees as costs. See Tex. Fam. Code Ann. § 9.205 (Vernon
1998). In the instant case, Shafer's attorney filed an affidavit with the trial court setting forth that
(1) he had been licensed to practice law since May 1952, (2) he was employed by Shafer to represent
her in the instant case on February 18, 2002, (3) he had performed certain legal services on Shafer's
behalf in conjunction with the case, (4) in his opinion, a reasonable fee per hour for the services he
performed is one hundred fifty dollars per hour, which is a usual charge of his firm in cases of a
similar nature in Palestine, Texas, (5) he spent thirty-two work hours on the case and anticipated an
additional four work hours would be required through the close of the case in the trial court, (6) he
had incurred additional specified costs related to the case, (7) in his opinion, a reasonable fee for the
work he performed on Shafer's behalf in the trial court is $5,458.60, (8) he anticipated that in the
event the case is appealed to the court of appeals, a reasonable fee for additional services would be
$4,500.00, and (9) he anticipated that in the event that the case is considered by the supreme court,
and the case is argued before the court, a reasonable fee would be $5,250.00.

 In his brief, without citation to authority, Waterhouse characterizes Shafer's attorney's
affidavit as an "ex parte, out of Court statement," made "without notice to the undersigned and
submitted to the Court several days after the close of the hearing." However, the record does not
indicate that Waterhouse ever objected to the filing of Shafer's attorney's affidavit on any basis. 
Thus, inasmuch as Waterhouse failed to bring the matter to the trial court's attention, he has waived
any issue pertaining to the admissibility of Shafer's attorney's affidavit on appeal. See Tex. R. App.
P. 33.1(a). We hold that there is legally sufficient evidence to support the trial court's award of
attorney's fees. Waterhouse's sole issue is overruled.


Conclusion

 Having overruled Waterhouse's sole issue, we affirm the trial court's judgment. Shafer filed
a motion for sanctions in this court pursuant to Texas Rule of Appellate Procedure 45. We carried
the motion for consideration with the merits of the appeal. After giving the matter due consideration,
we overrule Shafer's motion for sanctions.

 SAM GRIFFITH 

 Justice


Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)