United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20753

_____

T&T SPORTS MARKETING, LTD., a Cayman
Islands Corporation,

                              Plaintiff - Appellee-Cross-Appellant,

                    versus

DREAM SPORTS INTERNATIONAL, L.L.C.,
Etc.; ET AL.,

                              Defendants,

DREAM SPORTS INTERNATIONAL, L.L.C.,
a Texas Limited Liability Company,

                              Defendant - Appellant-Cross-Appellee,

                    versus

CCN SPORTS NETWORK, INC.; INTER-FOREVER
SPORTS, INC.,

                              Third Party Defendants - Appellants.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:01-CV-3716)

_____

Before REAVLEY, JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

The judgment against the third-party defendants CCN and Inter-Forever is reversed and rendered, and the judgment is otherwise affirmed, for the following reasons:

1.  We do not agree with Dream Sports that it was excused from its payment obligations by a prior material breach of T&T.  We agree with T&T that both parties treated the contract as in effect until T&T terminated the contract for non-payment in the fall of 2001, by filing suit and selling the rights to broadcast the final rounds of the SAWCQ tournament to CCN.  In these circumstances, "[i]f the non-breaching party elects to treat the contract as continuing and insists the party in default continue performance, the previous breach constitutes no excuse for nonperformance on the part of the party not in default and the contract continues in force for the benefit of both parties."  Gutpa v. E. Idaho Tumor Inst., 140 S.W.3d 747, 756 (Tex. App.–Houston[14th Dist.] 2004, pet. denied).  See also Chilton Ins. Co. v. Pate & Pate Enters., Inc., 930 S.W.2d 877, 887-88 (Tex. App.–San Antonio 1996, writ denied).

2.  Dream Sports does not persuade us that T&T received a double recovery.

3.  Dream Sports, as the losing party in a contract dispute, is not entitled to attorney's fees under Texas law.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

4. T&T does not persuade us that the district court reversibly erred in it rulings relating to its fraudulent transfer claim. "The trial judge's decision to curtail discovery is granted great deference and, thus, is reviewed under an abuse of discretion standard." Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 918 (5th Cir. 1992). We will reverse a discovery ruling only if it is "arbitrary or clearly unreasonable," Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986), and the complaining party demonstrates that it was prejudiced by the ruling, see Hastings v. N. E. Indep. Sch. Dist., 615 F.2d 628, 631 (5th Cir. 1980). Insofar as T&T complains about limitations on discovery relating to the fraudulent transfer claim, T&T does not demonstrate that the district court's rulings were clearly unreasonable. Its own briefing refers to exhibits and testimony allegedly proving its fraudulent transfer claim. It does not demonstrate the specific prejudice that resulted from specific rulings that it asserts were erroneous.

5. The district court did not abuse its discretion in excluding testimony from T&T's expert for untimely designation.

6. Insofar as T&T complains that the district court did not fully recognize or appreciate its fraudulent transfer claim, the district court did submit this claim to the jury, and the jury rejected it.

7. We therefore affirm T&T's judgment against Dream Sports. However, we reverse the $161,000 judgment against CCN and the $161,000 judgment against Inter-Forever, and render a take nothing judgment in favor of these third-party defendants. Dream Sports prevailed below on a tortious interference claim against CCN and Inter-

3

forever. We are unable to discern any basis for holding Inter-Forever liable for tortious interference with contract. As to CCN, in November of 2001 T&T conveyed broadcast rights to CCN for the last rounds of the SAWCQ tournament. By this time, however, T&T had terminated the contract with Dream Sports. An essential element of tortious interference is the existence of a contract subject to interference. Thrift v. Hubbard, 44 F.3d 348, 356 (5th Cir.1995) (citing Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 926 (Tex.1993)). This element was not established at trial. Accordingly, the judgment against CCN cannot stand.

AFFIRMED in part, REVERSED and RENDERED in part.