In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00127-CV


______________________________




JAMES EDWARD LEWIS AND


CRAIG COLIN AGNEW, Appellants


V.



NATHANIEL QUARTERMAN, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 07C1271-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 James Edward Lewis and Craig Colin Agnew jointly appeal from a judgment rendered
against them in their civil lawsuit against the Director of the Texas Department of Criminal Justice. 
In their jointly-filed petition, they set out a variety of unrelated statements. They allege, in sequence, 

 INEFFECTIVE COUNSEL AND LIABILITY IN INDIVIDUAL AND OFFICIAL
CAPACITY, BREACH OF DUTIES, LEGAL MALPRACTICE, AND ACTING
UNDER THE COLOR OF STATE AND FEDERAL LAWS BY DELIBERATE
DISCRIMINATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW,
INTENTIONALLY AND KNOWINGLY, RACKETEERING INFLUENCED AND
CORRUPT ORGANIZATIONS 18 U.S.C.A. 1962 PROHIBITED ACTIVITIES
AND 18 U.S.C.A. 1968 CIVIL INVESTIGATIVE DEMAND. 


They go on, invoking the Texas Tort Claims Act, as follows:


 (WHISTLEBLOWER INMATE) AND OFFICERS RETALIATION FOR PENDING
LEGAL LITIGATION AGAINST THE BARRY TELFORD UNIT (OWNERS),
(WARDENS), AND (KNOWN OR UNKNOWN AGENTS) OR (OFFICERS).


Appellants then continue with eleven unclear paragraphs. We surmise that they complain that the
appellees are violating their rights and imposing some type of restraints on them, ranging from
something having to do with their continued incarceration, their underlying convictions, the size of
their cells, and the methods used to calculate the time of their continued incarceration.

 As examples, some of the allegations are quoted below:

 1) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S PROBATION

 ELIGIBILITY, SHOCK PROBATION, PAROLE AND MANDATORY
SUPERVISION RELEASE AND APPEAL BOND DUE PROCESS.


 . . . . 


 3) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S
CONSTITUTIONAL CLASSIFICATION PROCESSING PURSUANT TO
THE RUIZ (VS) ESTELLE STIPULATIONS AND DECREE ON GOOD
TIME CREDITS.


 . . . .


 5) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S TEXAS CODE OF
CRIMINAL PROCEDURE ARTICLE 12.01 STATUE [sic] OF
LIMITATIONS, AND INVALID OR DEFECTIVE INDICTMENTS
PRESENTED AT TRIAL OR GUILTY PLEA.


 . . . .


 8) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S 50 SQUARE
FOOT CUBICLES WITH SINGLE BUNK AND 80 SQUARE FEET CELLS


 9) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S

 Medical Liability


The petition continues with twelve pages of quotes taken from various prison policy directives and
rules of conduct. The petition concludes with this statement:

 THESE RULES OF CODE AND CONDUCT IN THE ABOVE
MENTIONED DOCUMENTED VIOLATIONS ARE IN PURSUANT TO TEXAS
GOVERNMENT CODES, SECTION 497.007, 500.003, 556.004, 556.007,
614.0234, AND CHAPTERS 571 AMERICAN CORRECTIONAL ASSOCIATION
STANDARDS; 3-4010, 3-4061, ALSO PURSUANT TO P.D. 22 OF CODE AND
CONDUCT EMPLOYEES ARE REPRESENTATIVES OF THE AGENCY AND
ARE EXPECTED TO ADHERE TO THE HIGHEST STANDARD OF CONDUCT.


PRAYER

 

 THE APPELLATE PRAYS CONSTITUTIONAL RELIEF WILL BE
GRANTED[.]


 The trial court's response was to issue an order noting that Lewis and Agnew are inmates, that
only Lewis had signed the complaint, and attempting to find a cause of action in the morass. The
court concluded, reasonably, that the allegations were of, "in the main, violations of civil rights and
state law."

 The court concluded that Lewis and Agnew had failed to show that they had exhausted
administrative grievance procedures, or provided a list of all previously-filed litigation, that neither
had filed suit within thirty days after receiving a final response to his grievance, or provided a
properly authenticated copy of his inmate trust account. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.004, 14.005 (Vernon 2002). Thus, because the petition contained no evidence that any of the
procedural prerequisites had been met, the court dismissed the case without prejudice.

 On appeal, Lewis and Agnew have filed separate briefs, which are almost entirely
restatements of their petition. (1) Only Lewis' brief contains anything that might be read as arguing that
the trial court erred in any regard. Lewis' brief contains language stating that a lawsuit "SHOULD
NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT APPEARS BEYOND
DOUBT THAT PRISONERS CAN PROVE NO SET OF FACT[S] IN SUPPORT OF HIS CLAIM."

 We quoted the dispositive language of the order above. It explicitly does not dismiss for
failure to state a claim--it dismisses (without prejudice) for failure to meet the procedural
requirements of the cited statutes. (2) Error has not been shown.

 We affirm the judgment.




 Jack Carter

 Justice


Date Submitted: February 6, 2008

Date Decided: February 22, 2008



1. The briefs contain quotations from various rules, from statutes, from the United States
Constitution, and are largely repetitious of the petitions below.
2. If an argument is not raised in the trial court or briefed on appeal--the argument should not
be created by the court of appeals. Garcia v. Robinson, 817 S.W.2d 59 (Tex. 1991); Aluminum
Chems. (Bolivia), Inc. v. Bechtel Corp., 28 S.W.3d 64, 68 (Tex. App.--Texarkana 2000, no pet.) 
("It is not the proper function of this Court to create arguments for an appellant. We are restricted
to addressing the arguments actually raised, not those that might have been raised."). 


e fact of his conviction. In fact, he took the stand and
voluntarily testified that he had been so convicted. 

 Fifth, Gill contends his trial attorney provided ineffective assistance of counsel
because he did not move for an instructed verdict at the close of the State's case-in-chief. 
The State presented more than a scintilla of evidence in its case-in-chief that would have
supported a guilty verdict. (3) See Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex.
1993). Consequently, defense counsel had no ground on which to move for an instructed
verdict, and his failure to do so did not render his assistance ineffective. 

 Sixth, Gill contends his trial counsel provided ineffective assistance because he
failed to object to the introduction of a restraining order that Tracy obtained against Gill in
January of 2001. During Gill's case-in-chief, Tracy testified that Gill did not hit her on the
night in question. In an attempt to discredit Tracy's testimony, the State introduced a
request for a restraining order against Gill that Tracy made approximately five months after
the night in question. The State also introduced Tracy's affidavit in support of her request
for a restraining order, in which she stated under oath that Gill hit her in the face on the
night in question. See Tex. R. Evid. 613. In light of this evidence introduced to impeach
Tracy's testimony that Gill did not assault her on the night in question, defense counsel had
no valid ground to object. Moreover, counsel may have wanted all the circumstances to
come out in the evidence so the jury could know he was being open and honest with them. 
We find no ineffective assistance here.

 In Gill's final assertion of ineffective assistance of counsel, he contends counsel's 
representation fell below the reasonable standard because he failed to secure the
presence of Wanda Radford, whose testimony would have been beneficial to his defense. 
Radford stated the following in her affidavit filed with the court:

 I had been subpoenaed by the State and at the time of the mistrial last
December, 2001, I had informed the DA handling the case that I did not see
Mr. Gill strike his wife. Also at this time, I talked to Mr. Gill's attorney, Roy
Rowland, who told me he would be in touch with me before the next trial
date. I never did talk to Mr. Rowland again nor did I receive a subpoena for
the next trial date. If I had testified at Mr. Gill's trial, I would have stated that
at the time of the alleged incident, I lived at 3323 Yellowstone, Apt. 1306,
Houston, Texas 77021 and my apartment was across the driveway from
Mr. Gill's and his wife's, the complainant. On the date of the alleged incident,
Mr. Gill and his wife came over to my apartment where she wanted to use
the phone. At that time, Mr. Gill told his wife that all he wanted to do was talk
to her and they then went back to their apartment together. Again, I never
did see Mr. Gill strike his wife by pushing, shoving or hitting her or in any
other manner.

 

In this instance, Gill has produced evidence of counsel's motivation for not subpoenaing
Radford. In his affidavit, Gill's trial counsel stated the following with respect to Radford: 

 I spoke with the witness Wanda Radford and I informed Mr. Gill that her
testimony was important. Ms. Radford agreed to appear for the trial and and
[sic] I futher [sic] advised Mr. Gill that I would subpoena her, unless they
Mr. and Mrs. Gill felt certain she would appear. It was my understanding that
Ms. Radford was to voluntarily appear. 


 We note, with respect to this point, that Wanda Radford was subpoenaed to be a
witness in this case. She was subpoenaed by the State and directed to attend the trial
beginning on December 3, 2001, and remain there from day to day until discharged by the
court. The court declared a mistrial and reset the case for trial on January 23, 2002. The
defense had a right to rely on the State's subpoena to secure Radford's presence at the
trial. Additionally, however, Gill's counsel swore that he discussed issuing another
subpoena for Radford, but on being assured by Gill and Tracy that Radford would be
present for the trial, he decided there was no need to issue another subpoena. We do not
consider defense counsel's actions in this regard to be below an objective standard of
reasonableness. Moreover, Radford swore that, on the evening in question, she did not
see Gill and Tracy except when they came across the driveway to her (Radford's) house,
and she did not have any opportunity to see whether Gill struck Tracy. Since Radford was
never present at the Gill house when the assault was taking place, her testimony would
have been of little value in any event. We find no ineffective assistance of counsel in this
regard.

 For the reasons stated, we affirm the trial court's judgment.

 

 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: December 16, 2002

Date Decided: June 6, 2003


Publish

1. The general doctrine that forbids an application for writ of habeas corpus after
direct appeal has addressed an issue does not apply in these situations, and the appellant
may resubmit his claim via an application for writ of habeas corpus. Thompson v. State,
9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999); Oldham v. State, 977 S.W.2d 354, 363
(Tex. Crim. App. 1998). This would provide an opportunity to conduct a hearing to
consider the facts, circumstances, and rationale behind counsel's actions at that juncture
of trial. 
2. Immediately after the above line of questioning, the prosecution asked the witness
what the victim told her concerning the night in question. Gill's counsel reasserted his
hearsay objection, and the court overruled the objection. The witness was then allowed
to testify that the victim told her Gill hit her in the face that evening.
3. In its case-in-chief, the State produced testimony from Nicole Edwards, Rosalyn
German, and Officer Williams that Gill had abused Tracy on the night in question.