ACCEPTED
01-15-00617-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 4:04:08 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00617-CV
\*\*\*
IN THE COURT OF APPEALS
FIRST COURT OF APPEALS DISTRICT
HOUSTON, TEXAS
\*\*\*
BOB DEUELL,
Appellant,

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 4:04:08 PM
CHRISTOPHER A. PRINE
Clerk

v.

TEXAS RIGHT TO LIFE COMMITTEE, INC.,
Appellee

On Appeal from the 152nd Judicial District Court
Of Harris County, Texas
Trial Court Cause No. 2014-32179
Honorable Robert Schaffer, Presiding Judge

## APPELLANT'S REPLY BRIEF

**DENTON NAVARRO ROCHA BERNAL HYDE & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 (Facsimile)
George E. Hyde
State Bar No. 45006157
Scott M. Tschirhart
State Bar No. 24013655
*ATTORNEYS FOR APPELLANT*

## ORAL ARGUMENTS REQUESTED

i

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**            BOB DEUELL

**Appellant's Counsel:**   George E. Hyde
                          State Bar No. 45006157
                          Scott M. Tschirhart
                          State Bar No. 24013655
                          **Denton Navarro Rocha Bernal Hyde & Zech, P.C.**
                          2500 W. William Cannon Drive, Suite 609
                          Austin, Texas 78745-5292
                          (512) 279-6431
                          (512) 279-6438 (Facsimile)
                          George E. Hyde
                          Scott M. Tschirhart
                          george.hyde@rampage-aus.com
                          scott.tschirhart@rampage-aus.com

**Appellee:**             TEXAS RIGHT TO LIFE COMMITTEE, INC.

**Appellee Counsel:**     N. Terry Adams, Jr.
                          State Bar No. 00874010
                          Joseph M. Nixon
                          State Bar No. 15244800
                          Nicholas D. Stepp
                          State Bar No. 24077701
                          **Beirne, Maynard & Parsons, L.L.P.**
                          1300 Post Oak Blvd., Suite 2500
                          Houston, Texas 77056
                          (713) 623-0887
                          (713) 960-1527 (Facsimile
                          tadams@bmpllp.com
                          jnixon@bmpllp.com

ii

James E. "Trey" Trainor, III
State Bar No. 24042052
**Beirne, Maynard & Parsons, L.L.P.**
401 W. 15th Street, Suite 845
Austin, Texas 78701
(512) 623-6700
(512) 623-6701 (Facsimile)
ttrainor@bmpllp.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL................................................................ ii

TABLE OF CONTENTS ....................................................................................... iv

TABLE OF AUTHORITIES .................................................................................. v

SUMMARY OF THE ARGUMENT...................................................................... 1

1. Appellee's argument that Appellee's lawsuit was not based on Senator Deuell's exercise of free speech under the TCPA is misplaced. ........................... 2

2. Appellee's argument regarding its establishment of a prima facie case of tortious interference fails because Appellee failed to provide the trial court with clear and specific evidence of each element. .......................................................... 6

3. Appellee waived all objections and arguments to Appellant's affirmative defenses of judicial privilege and illegal contract.................................................... 9

CONCLUSION ..................................................................................................... 11

PRAYER ............................................................................................................... 11

CERTIFICATE OF COMPLIANCE .................................................................... 12

CERTIFICATE OF SERVICE.............................................................................. 13

# TABLE OF AUTHORITIES

## Cases

*ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426 (Tex. 1997) ....................... 7, 8

*Alpert v. Crain, Caaton and James, P.C.*, 178 S.W.3d 398 (Tex. App.--Houston [1st Dist.] 2005) ................................................................................. 4

*Bradt v. West*, 892 S.W.2d 56 (Tex. App.--Houston [1st Dist.] 1994, writ denied) ..................................................................................................... 4

*Browning–Ferris Indus. v. Reyna*, 865 S.W.2d 925 (Tex.1993) ............................ 7

*Hill v. Heritage Res., Inc.*, 964 S.W.2d 89 (Tex. App.—El Paso 1997) .................. 8

*Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995) ................................................ 7

*James v. Calkins*, 446 S.W.3d 135, (Tex. App.—Houston [1st Dist] 2014), *reh'g overruled* (Nov. 4, 2014) ............................................................ 6, 7, 9

*James v. Easton*, 368 S.W.3d 799 (Tex. App.-Houston [14th Dist.] 2012, pet. denied) ....................................................................................... 4

*In Re Lipsky I*, 411 S.W.3d 530 (Tex. App.--Fort Worth, 2013) ............................ 5

*In Re Lipsky II*, 460 S.W.3d 579 (Tex. 2015) ........................................................ 5

*Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716 (Tex. App.--Houston [14th Dist.] 2013) .................................................................................... 7

*Rio Grande H20 Guardian v. Robert Muller Family P'ship Ltd.*, No. 04–13–00441–CV, 2014 WL 309776, (Tex. App.—San Antonio Jan. 29, 2014, no pet.) (mem.op.) ................................................... 5

*Sacks v. Zimmerman*, 401 S.W.3d 336 (Tex. App.--Houston [14th Dist.] 2013, pet. denied) ..................................................................................... 4

*Serafine v. Blunt*, 466 S.W.3d 352 (Tex. App.—Austin, 2015) .......................... 6, 9

*Snyder v. Phelps*, 562 U.S. 443, 131 S. Ct. 1207, 179 L. Ed. 2d 172 (2011) ........... 3

*TGS–NOPEC Geophysical Co. v. Combs,* 340 S.W.3d 432, (Tex. 2011) ................ 7

*Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931 (Tex. 1991) .......................... 7

**Statutes**

Tex. Civ. Prac. & Rem. Code § 27.001(1) ............................................................ 2, 3

Tex Civ. Prac. & Rem. Code § 27.001(3) ............................................................. 1, 2

Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i) ................................................... 6, 9

Tex. Civ. Prac. & Rem. Code § 27.001(7) ................................................................ 4

Tex. Civ. Prac. & Rem, Code § 27.001(7)(A) .......................................................... 3

Tex Civ. Prac. & Rem. Code § 27.001(7)(B) ........................................................... 3

Tex Civ. Prac. & Rem. Code § 27.001(7)(C) ........................................................... 3

Tex Civ. Prac. & Rem. Code § 27.001(7)(D) ........................................................... 3

Tex. Civ. Prac. & Rem. Code § 27.003(a) ................................................................ 5

Tex. Civ. Prac. & Rem. Code §27.005(d) ............................................................ 2, 10

Tex. Civ. Prac. & Rem. Code § 27.005(1) .............................................................. vii

Tex Civ. Prac. & Rem. Code § 27.009(1) ............................................................... 11

Tex Civ. Prac. & Rem. Code § 27.009(2) ............................................................... 11

The Texas Citizen's Participation Act ............................................................... passim

**Other Authorities**

Merriam Webster's Collegiate Dictionary 229 (11th ed. 2003) ................................ 7

Merriam Webster's Collegiate Dictionary at 1198 (11th ed. 2003) ......................... 7

Senate Bill 303 ............................................................................................................ 3

MAY IT PLEASE THE COURT:

NOW COMES APPELLANT, Bob Deuell (hereinafter "Appellant" and/or "Deuell") and files this Appellant's Reply Brief in accordance with the Texas Rules of Appellate Procedure ("TRAP").

## SUMMARY OF THE ARGUMENT

1.     The Texas Citizen's Participation Act (TCPA) clearly defines "the exercise of the right of free speech" as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). Senator Deuell, a sitting State Senator, had his attorneys send letters to radio broadcasters complaining about false, defamatory, and illegal campaign ads. These letters dealt with a matter of public concern, specifically public statements in ads run on public airwaves during a runoff election. These letters also threatened the exercise of the right to petition (file a lawsuit) if the ads continued in the same form. These rights to free speech and to petition are exactly what the TCPA was designed to protect. The trial court should have dismissed Appellee's lawsuit because Appellant proved by a preponderance of the evidence that Appellee's lawsuit was based on Appellant's exercise of his right of free speech. *See Texas Civil Practice & Remedies Code* § 27.005(1).

2.     When Appellant met his burden under the TCPA, the burden shifted to Appellee to establish, by clear and specific evidence, a prima facie case for each

1

element of its tortious interference claim. Appellee failed to meet this burden by failing to provide clear and specific evidence of each element of its claim.

3.    Appellant established by a preponderance of the evidence each essential element of the valid defenses of judicial immunity and illegality. Appellee failed to challenge the allegations in the pleadings, the affidavit and other evidence so that the evidence was uncontested. Appellee failed to object to any pleading issues at the trial court and thereby waived any complaint on appeal. The case should have been dismissed by the trial court pursuant to *Tex. Civ. Prac. & Rem. Code* § 27.005(d).

## ARGUMENTS AND AUTHORITIES

### 1. Appellee's argument that Appellee's lawsuit was not based on Senator Deuell's exercise of free speech under the TCPA is misplaced.

The TCPA clearly defines the "exercise of free speech" and "communication" as anticipated by the Texas Legislature.

> "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

Tex. Civ. Prac. & Rem. Code § 27.001(3)

> "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

Tex. Civ. Prac. & Rem. Code § 27.001(1)

2

Appellee argues that the speech in question was not a matter of public concern. However, Appellee admits that the political ads in question were made in connection with a runoff election. *See Appellee's Brief* pgs. 1-2. The subject matter of political ads is beyond question a matter for public concern, or there would be no point in running them on the radio.

> Speech deals with matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community," or when it "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public,".

*Snyder v. Phelps*, 562 U.S. 443, 453, 131 S. Ct. 1207, 1216, 179 L. Ed. 2d 172 (2011)(internal quotes omitted). The radio ads in question are about a political campaign and are without question a matter of public concern.

Moreover, as Appellee properly points out, these ads dealt with a bill that Senator Deuell sponsored and the subject matter of S.B. 303 deals with advance directives and healthcare and treatment decisions. The subject matter of S.B. 303 clearly fits within the definitions set forth in Tex. Civ. Prac. & Rem, Code 27.001(7)(A)(health or safety); (B)(community well-being); (C)(the government and its role in the regulation of advance directives and healthcare and treatment decisions); and (E)(a service in the marketplace, namely medical care). The ads attacked Senator Deuell and his sponsorship of S.B. 303 which falls under the definitions of 27.001(7)(C)(the government) and (D)(a public official or public figure). So a plain reading of the definitions in Tex. Civ. Prac. & Rem, Code

3

27.001(7) shows that the letters dealt specifically with a matter of public concern and therefore fall properly within the TCPA.

Appellee argues that because the letters were written by Senator Deuell's attorneys, they cannot be considered as Senator Deuell's speech. *See Appellee's Brief* pgs. 8-9. However, Appellee cannot have it both ways. If the statements in the letters cannot be attributed to Senator Deuell then Appellee cannot complain that Senator Deuell infringed on Appellee's contract rights. Of course, Appellee could not maintain a lawsuit against Senator Deuell's attorney. "Texas courts have long held that attorneys cannot be held civilly liable for damages to nonclients, under any theory of recovery, for actions taken in connection with representing a client." *Sacks v. Zimmerman,* 401 S.W.3d 336, 340 (Tex. App.-Houston [14th Dist.] 2013, pet. denied) (citing *James v. Easton,* 368 S.W.3d 799, 802 (Tex. App.-Houston [14th Dist.] 2012, pet. denied)); *Alpert,* 178 S.W.3d at 405; *Bradt v. West,* 892 S.W.2d 56, 71–72 (Tex. App.-Houston [1st Dist.] 1994, writ denied). So Appellee attempts to attribute the statements in the letters as being Senator Deuell's statements for the purpose of a tortious interference claim.

Appellee sued Senator Deuell for tortious interference with existing contracts. (C.R. 84-85). The tortious act that was attributed to Senator Deuell by Appellee, was the sending of the letters. (C.R. 83). Those letters were "communication(s) made in connection with a matter of public concern" and properly fall within the

4

legislatures definitions in the TCPA and the trial court should have dismissed the lawsuit.

Now, Appellee argues that threats and intimidation are not protected speech. Appellee's Brief pg. 10. However, the threat to file a lawsuit is a threat to exercise Senator Deuell's right to petition and is protected under the TCPA. So, if Appellee had argued this in the trial court, the Court could have dismissed Appellee's lawsuit on the grounds that these alleged "threats and intimidation" were protected under the TCPA:

> Under Section 27.006 of the Act, the trial court may consider pleadings as evidence. *Id.* § 27.006(a). The Act does not require Serafine to present testimony or other evidence to satisfy her evidentiary burden. *See Rio Grande H20 Guardian v. Robert Muller Family P'ship Ltd.,* No. 04–13–00441–CV, 2014 WL 309776, at *3 (Tex. App.—San Antonio Jan. 29, 2014, no pet.) (mem.op.) (deciding challenged legal action related to exercise of right to petition based on consideration of pleadings as evidence), *disapproved on other grounds by Lipsky II,* 460 S.W.3d at 587. The Blunts asserted in their **tortious-interference counterclaim** that "Serafine willfully and intentionally interfered with that contract [with the drainage and foundation company] through threats *and the filing of this lawsuit.*" (Emphasis added.) They asserted in their fraudulent-lien counterclaim that Serafine knew that the lis pendens she had filed "in relation to this case" was not supported by any valid interest in the Blunts' property. All that the Act requires is that the challenged legal action be "based on, relate[ ] to, or is in response to" the movant's exercise of the right to petition. Tex. Civ. Prac. & Rem.Code § 27.003(a). We conclude, based on the facts alleged in the Blunts' pleadings and in response to Serafine's motion, that the Blunts' tortious-interference counterclaim is in part based on, related to, or in response to Serafine's filing of the suit and that their fraudulent-lien counterclaim is based on, related to, or in response to Serafine's filing of the lis pendens, both of which filings are exercises of Serafine's "right to petition" as the Act defines that term. *See Lipsky I,* 411 S.W.3d

5

at 541–42 (determining that nonmovant's claims were based on movants' exercise of their right to petition based on facts alleged in nonmovant's pleadings); *see also* Tex. Civ. Prac. & Rem.Code § 27.001(4)(A)(i) (" 'Exercise of the right to petition' means ... a communication in or pertaining to: ... a judicial proceeding."); *James v. Calkins,* 446 S.W.3d 135, 147–48 (Tex.App.—Houston [1st Dist.] 2014, pet. filed) (concluding that fraudulent-lien claim based on filing of lis pendens was "communication in or pertaining to a judicial proceeding").

*Serafine v. Blunt,* 466 S.W.3d 352, 360 (Tex. App.—Austin, 2015)(emphasis added to show that the case dealt with a claim of tortious interference). Since this Court reviews the denial of a motion to dismiss under the TCPA de novo, and the Court may consider pleadings as evidence, the Court should dismiss Appellee's lawsuit because the conduct complained of is related to Senator Deuell's exercise of the right to petition.

Appellee argues that dismissing Appellee's lawsuit would undermine the TCPA's purpose. However, in light of the *Serafine v. Blunt* decision, it is clear that the threat to file a lawsuit is specifically protected by the TCPA. *See id.* Therefore, Appellee's arguments about the relative merits of the threatened lawsuit should be disregarded.

2. **Appellee's argument regarding its establishment of a prima facie case of tortious interference fails because Appellee failed to provide the trial court with clear and specific evidence of each element.**

The elements of a cause of action for tortious interference with a contract are: (1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) the act was a proximate cause of the plaintiff's damage, and (4)

6

actual damage or loss occurred. *Browning–Ferris Indus. v. Reyna*, 865 S.W.2d 925, 926 (Tex.1993); *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex.1991).

*Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995).

> "As the statute does not define 'clear and specific' evidence, these terms are given their ordinary meaning." *Id.* (citing *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex.2011)). " 'Clear' means 'free from obscurity or ambiguity,' 'easily understood,' 'free from doubt,' or 'sure.' " *Id.* (quoting Merriam Webster's Collegiate Dictionary 229 (11th ed. 2003)). " 'Specific' means 'constituting or falling into a specifiable category,' 'free from ambiguity,' or 'accurate.' " *Id.* (quoting Merriam Webster's Collegiate Dictionary at 1198). "Clear and specific evidence has also been described as evidence that is 'unaided by presumptions, inferences, or intendments.' " *Id.* (quoting *Rehak Creative Servs.*, 404 S.W.3d at 726)).

*James v. Calkins*, 446 S.W.3d 135, 147 (Tex. App.—Houston [1st Dist] 2014), *reh'g overruled* (Nov. 4, 2014).

Appellee argues that it established the existence of two contracts by a conclusory affidavit that simply states a dollar amount. Appellee's Brief at 22. However, a statement that there was a contract in a certain dollar amount does not provide the "clear and specific" evidence of the first element of a tortious interference claim, specifically "that a contract subject to interference exists." *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). Without the specific language of the contracts in question, the Court cannot determine the proper parties to the contract, the specific terms of the contract, whether the contract was supported by adequate consideration, or whether the contract was capable of being

7

interfered with. "The cause of action for tortious interference with a contract is qualified with the requirement that the contract be 'subject to interference.' All contracts are not subject to interference. There must at least be a 'valid' contract. Unsupported by any valuable consideration . . . these contracts were void and not simply unenforceable." *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 115 (Tex. App.— El Paso 1997); *see also ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 431(Tex. 1997)(finding that the express terms of the contract in question showed that it was not subject to tortious interference allegations, and therefore the defendant could not have interfered as a matter of law.). Appellee failed to establish the first element of its tortious interference claim by clear and specific evidence.

Appellee failed to establish, by clear and specific evidence, the second element of its tortious interference claim, specifically, the occurrence of an act of interference that was willful and intentional. Appellee again cannot have it both ways, Appellee says that the letters in question are not the letters of Senator Deuell, but the letters of his lawyers. *See Appellee's Brief* pgs. 8-9. If the letters in question are not attributable to Senator Deuell, Appellee cannot establish that Senator Deuell willfully and intentionally interfered with Appellee's contracts.

Appellee failed to establish, by clear and specific evidence, the third element of its tortious interference claim, specifically, the alleged the act was a proximate

cause of the plaintiff's damage. Appellee has not brought forth any evidence to support the element of proximate cause.

Finally, Appellee failed to establish, by clear and specific evidence, the fourth element of its tortious interference claim, specifically, actual damage or loss occurred. Frankly, it would be almost impossible to show that Appellee suffered any damages at all since there is no way to establish how many votes were gained or lost by the failure of any of the ads to air.

More importantly, Appellee cannot establish tortious interference by Senator Deuell's attorney threatening to file a lawsuit. The TCPA provides that "a communication in or pertaining to a judicial proceeding" constitutes the exercise of the right to petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i); *James v. Calkins*, 446 S.W.3d 135, 147 (Tex. App.—Houston [1ˢᵗ Dist.] 2014), *reh'g overruled* (Nov. 4, 2014). Threats related to potential litigation cannot form the basis of a claim for tortious interference. *See Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin, 2015).

### 3. Appellee waived all objections and arguments to Appellant's affirmative defenses of judicial privilege and illegal contract.

Appellee waived all arguments regarding Appellant's affirmative defenses because Plaintiff's Response to Defendant's Chapter 27 Motion to Dismiss (C.R. 90-98) failed to address the affirmative defenses in any way. Senator Deuell's Motion to Dismiss specifically set forth the affirmative defense of judicial privilege

9

stating that the statements in the letters were made in anticipation of litigation and were therefore privileged under Texas law. (C.R. 16-20). The claim of judicial privilege was supported by exhibits (C.R. 24-64) and affidavit (C.R. 65-66). Appellee failed to challenge the pleadings or offer any controverting documents or evidence to refute Senator Deuell's affirmative defense at the trial court.

Texas Civil Practice & Remedies Code §27.005(d) states:

> Notwithstanding of the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if he moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

However, nothing in the TCPA requires that the defendant specifically plead these defenses prior to asserting them in a motion to dismiss. By failing to object at the trial court, Appellee waived any complaint about the status of the pleadings. Not only did Senator Deuell establish, by a preponderance of the evidence, the defense of judicial privilege, Senator Deuell provided all of the evidence on this point. The trial court should have dismissed the lawsuit against Senator Deuell.

Likewise, Appellee made no challenges to the pleadings and offered no controverting affidavits in response to the defense of illegal contract, Appellant has established, by a preponderance of the evidence, each essential element of a valid defense of illegal contract to Appellee's tortious interference claim. *Tex. Civ. Prac. & Rem. Code* §27.005(d). The trial court should have dismissed the lawsuit against Senator Deuell.

10

## CONCLUSION

The trial court should have dismissed Appellee's lawsuit pursuant to the Texas Citizen's Participation Act and should have awarded costs and attorneys' fees to Appellant.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant Bob Deuell prays the Court dismiss Appellee's lawsuit pursuant to Appellant's Motion to Dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code, and award Appellant his appellate costs and remand the case to the trial court for a determination of court costs, reasonable attorney's fees, and other expenses incurred in defending this legal action pursuant to Section 27.009(1) of the Texas Civil Practice & Remedies Code as well as sanctions against Appellee that the trial court may determine would be sufficient to deter Appellee from bringing similar actions in the future pursuant to Section 27.009(2) of the Texas Civil Practice & Remedies Code and for such further relief to which Appellant is justly entitled.

SIGNED on this the 12th day of November, 2015.

Respectfully submitted

**DENTON NAVARRO ROCHA BERNAL HYDE & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 (Facsimile)
george.hyde@rampage-aus.com
scott.tschirhart@rampage-aus.com

By: _____

George E. Hyde
State Bar No. 45006157
Scott M. Tschirhart
State Bar No. 24013655

*ATTORNEYS FOR APPELLANT*
*BOB DEUELL*

## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Appellant's Reply Brief contains 2,735 words, which does not include the caption, identity of parties and counsel, statement regarding oral arguments, table of contents, table of authorities, signature, proof of service, certificate of compliance and appendix.

_____

George E. Hyde
Scott M. Tschirhart

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individuals as indicated, and according to the Texas Rules of Civil Procedure and/or via electronic notification on this the 11th day of November, 2015:

N. Terry Adams, Jr.                          via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**       tadams@bmpllp.com
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

Joseph M. Nixon                              via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**       jnixon@bmpllp.com
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

James E. "Trey" Trainor, III                 via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**       ttrainor@bmpllp.com
401 W. 15th Street, Suite 845
Austin, Texas 78701

Nicholas D. Stepp                            via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**       nstepp@bmpllp.com
401 W. 15th Street, Suite 845
Austin, Texas 78701

George E. Hyde
Scott M. Tschirhart

13